UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Guishan, Inc. d/b/a/ Mister Softee,  :
Mister Softee Inc.,                  :
                                     :
         Plaintiffs,                 :      **SUMMARY ORDER**
                                     :
         -against-                    :      08-CV-2407 (DLI)(RML)
                                     :
Faith Ice, Inc. d/b/a Mister Softee, *et al.*,  :
                                     :
         Defendants.                 :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Before the court is plaintiffs' *ex parte* Motion for Reconsideration of an oral Order by the Hon. Allyn R. Ross, U.S.D.J., denying plaintiffs' *ex parte* Seizure Motion on September 15, 2008.[1] For the reasons set forth below, the motion is denied.

**Background**

On August 14, 2008, plaintiffs filed an *ex parte* Seizure Motion requesting the seizure of items allegedly infringing upon plaintiffs' registered trademarks. These items included menu boards, signs, decals, and an entire ice-cream truck. On September 15, 2008, Judge Ross determined that plaintiffs failed to establish that an order other than an *ex parte* seizure order was inadequate to achieve the purpose of 15 U.S.C. § 1114. While Judge Ross did not file a written order, the basis of her decision was memorialized in a memorandum provided to the undersigned. According to Judge Ross, contrary to the assertions made in their motion papers, plaintiffs failed to establish that they previously sued defendants and successfully obtained injunctive relief only to have those injunctions violated. Further, Judge Ross noted that, among the numerous other cases plaintiffs litigated in this court, which concerned the same issues raised

---

[1] The undersigned was out of the jurisdiction at this time and plaintiffs' *ex parte* application for an order of seizure was heard by Judge Ross, who was assigned to hear miscellaneous matters at that time.

here, no violations of the injunctive relief that plaintiffs obtained had been reported. Following the denial of the requested relief, on October 10, 2008, plaintiffs filed an *ex parte* Motion for Reconsideration of Judge Ross' oral Order.

**Motion for Reconsideration Standard**

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (citation omitted). Furthermore, reconsideration is justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In the interests of finality,

Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration . . . be served within ten (10) days after the entry of the court's determination of the original motion."

**Discussion**

Plaintiffs' application for reconsideration is untimely. The oral Order, of which plaintiffs seek reconsideration, was issued on September 15, 2008. Plaintiffs filed their Motion for Reconsideration on October 10, 2006, beyond the ten-day deadline imposed under Local Civil Rule 6.3. Furthermore, in arguing for reconsideration, plaintiffs raise precisely the same arguments raised before Judge Ross and in their August 14, 2008 motion papers. Plaintiffs fail to point to any factual matters or controlling precedent the court overlooked in issuing its September 15, 2008 oral Order denying the *ex parte* Seizure Motion. Nor have plaintiffs contended that there has been an intervening change in controlling law, new evidence has become available, or any manifest injustice will otherwise result. As plaintiffs cannot seek to re-litigate this issue, the motion for reconsideration is denied.

In any event, were the court to consider the merits of plaintiffs' request, the undersigned concurs with Judge Ross' decision. "Even in infringement cases . . . a seizure order cannot be granted lightly." *Time Warner Entertainment Co., L.P. v. Does*, 876 F. Supp. 407, 411 (E.D.N.Y. 1994) (citing *Warner Bros Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1125 (2d Cir. 1989)). Default judgment has been entered against all defendants in this case. Though defendants have not appeared before the court, there is no indication that damages, in the form of monetary or injunctive relief or both, will be unenforceable. Similarly, review of prior litigation by plaintiffs in this district demonstrates that plaintiffs have prevailed and, in turn, prevented individuals from engaging in the same type of conduct at issue in this case.

Further, plaintiffs have not established the existence of an immediate threat of irreparable harm. Due to the nature of plaintiffs' business, the likelihood of harm, if any, has been significantly diminished in light of the changing season. While the court is sympathetic to plaintiffs' claims, it is unlikely that during the time of this application (fall/winter season), ice-cream trucks, parked in a depot and displaying counterfeit marks, will damage plaintiffs' reputation or have the potential to create confusion among plaintiffs' customers.

This matter has been referred to United States Magistrate Judge Robert M. Levy for consideration of damages and/or attorney's fees pursuant to the Court's September 18, 2008 Order. To the extent that plaintiffs seek any other relief, including, but not limited to injunctive relief, those matters may be considered by Judge Levy in connection with his Report and Recommendation.

### **Conclusion**

For the foregoing reasons, plaintiffs' *ex parte* Motion for Reconsideration of Judge Ross' oral Order denying plaintiffs' *ex parte* Seizure Motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 18, 2009

                                                    _____/s/_____
                                                        DORA L. IRIZARRY
                                                    United States District Judge